I concur in the result of this decision, not because I think the Brookses are estopped to plead that the counterclaim was compulsory, but because I believe the original claim asserted by the Brookses and the subsequent suit by Peoples National Bank of Huntsville (Peoples Bank) did not arise out of the same aggregate core of operative facts. In the original suit, the Brookses, as plaintiffs, sued Peoples Bank for damages for fraud and for conversion of cash, claiming that they were induced to lend the money they had borrowed from the bank to their son and his partner, due to statements by officers of the bank that their son's business was sound and that the money would be used by that business for operating expenses. There was no question that the money was actually loaned to the *Page 921 
Brookses or that the bank gave the stated consideration in exchange for the note and mortgage.
The subsequent suit brought by the bank on the defaulted note was a debt collection suit. It arose while the initial suit was pending when the Brookses defaulted on their loan. It involved proof of a contract, its validity, the record of payments by the Brookses, and their subsequent default. This is in contrast to the initial fraud suit in which the Brookses were required to prove the misrepresentations made to them by Peoples Bank. The two suits do not involve one basic controversy on which separate trials would result in duplication of efforts and a waste of time by the parties.
The initial suit in no way sought to attack the validity of the bank's loan to the Brookses. Neither did that suit seek to enjoin the foreclosure of the mortgage or to impair collection on the note. Likewise, the suit included no count praying for rescission of the contract as a result of the fraud.
While it is conceded that, but for the loan from Peoples Bank to the Brookses, neither of these suits would have occurred, that fact alone is insufficient to hold that both actions arose out of the same "aggregate core of operative facts." As stated in O'Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App. 1977), under the logical relationship test, to give rise to a compulsory counterclaim the facts, taken as a whole, must serve as the basis for both claims or the sum total of facts upon which the initial claim rests must activate legal rights in another party that would otherwise have remained dormant. 250 So.2d at 1054. Here the issues involve, in the first suit, an alleged fraud arising from statements made by bank officers to the Brookses that caused them to use the proceeds of a loan in a manner different from the way they would have used the money had they known the truth, and, in the second suit, a default on the note and efforts to collect. Looking at the facts as a whole, I cannot say that one set of facts serves as the basis for both claims. Nor can I say that the fraud claim necessarily led to the Brookses' subsequent default. For this reason, I do not believe that the suit to force payment of the note was a compulsory counterclaim, and I agree that the decision of the trial court should be affirmed.